UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES L. MANN "BUBBA" CROMER, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHOWTIME NETWORKS INC., a Delaware corporation; HOME BOX OFFICE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 10-02983-JFW (AJWx)<br><br>PROTECTIVE ORDER<br><br><u>Discovery Matter:</u><br><br><u>Referred to Hon. Andrew J. Wistrich</u> |

Having considered the parties' Joint Stipulation for Protective Order (the "Joint Stipulation") of Plaintiff James L. Mann "Bubba" Cromer, Defendant Showtime Networks Inc. and Defendant Home Box Office, Inc., (each individually, a "Party" and collectively, the "Parties"), and to facilitate the progress of discovery, the Court HEREBY ORDERS that a Protective Order is entered as follows:

## Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter the requested Protective Order because the parties could be prejudiced by the dissemination or inappropriate use of confidential and proprietary information that is disclosed during discovery.

55586.1

PROTECTIVE ORDER

### Designation of Materials

2. A party shall have the right to designate as "CONFIDENTIAL" Discovery Material that the party in good faith reasonably believes contains confidential or proprietary information (including without limitation personal medical records, confidential agreements with third parties, confidential financial information, and other non-public information for which a party in good faith reasonably believes disclosure could have an adverse business or competitive impact.)

3. The parties shall have the right to designate as "OUTSIDE COUNSEL ONLY" Discovery Material that the party in good faith reasonably believes contains highly confidential and proprietary information, the disclosure of which could assist another party in competing with the producing party. For avoidance of doubt, Plaintiff's medical records shall not qualify for "OUTSIDE COUNSEL ONLY" designation.

4. The designation of Discovery Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall be made by conspicuously marking each page of a document with the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" prior to its production, or by any other method agreed in writing between counsel for the parties.

5. Deposition transcripts, or portions thereof, may be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" by the reporter, as the designating party may direct. Portions of deposition transcripts may also be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" after the deposition if inadvertently not done during the deposition, with such portions to be treated accordingly thereafter.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

6. In the case of Discovery Material produced by third parties, any party hereto shall have the right to designate such Discovery Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" in the event such Discovery Material contains confidential information of the designating party. A party shall have the right to make such designation either prior to or within seven (7) days following the production of such Discovery Material by the third party. Prior to the expiration of that 7-day period, unless and until a different designation or non-designation is made, any such Discovery Material from the third party that contains non-public business or personal information regarding a party shall be treated as having been marked "OUTSIDE COUNSEL ONLY" by that party. Notwithstanding the foregoing, Plaintiff's counsel may disclose such Discovery Material to Plaintiff prior to the expiration of this 7-day period, provided that neither Plaintiff's counsel nor Plaintiff shall make any further disclosure or use of such Discovery Material during that period except as expressly permitted by Paragraph 11 hereof.

7. All notes, summaries, compilations, and similar documents containing or reflecting "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information shall be subject to the terms hereof to the same extent as the Discovery Material from which such notes, summaries, compilations, and similar documents are made or derived.

8. The designation of Discovery Material in accordance with this Protective Order is intended solely to facilitate discovery in this action, and treatment of materials by a party in conformity with such designations shall not be construed in any way as an admission or agreement that the designated material constitutes or contains any confidential or proprietary information. Inadvertent failure to designate any Discovery Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not constitute a waiver of any otherwise valid claim for protection.

**Restrictions on Disclosure and Use of Material**

9. Each party and all persons bound by the terms hereof shall use any Discovery Material designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" only for the purpose of the prosecution and defense of the claims in this action, including any appeals thereof, and no party shall use, disclose, or release any such Discovery Material for any other purpose. Nothing herein shall be construed to limit in any way a party's use of its own documents and information.

10. Except as otherwise provided by written stipulation of the parties or by order of the Court, Discovery Material designated "CONFIDENTIAL" shall not be disclosed to any person except:

   (a) the parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, and employees. However, Plaintiff's medical records that are designated as CONFIDENTIAL may be disclosed to such persons only to the extent reasonably necessary;

   (b) J. Lewis Cromer;

   (c) the parties' counsel of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs;

   (d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this action;

   (e) employees of outside copying, printing, binding, trial consulting or graphics, or similar services;

   (f) persons who have been retained by any party or his or its attorneys of record for the purpose of assisting in this action as outside consultants or experts, and who agree in writing to be bound by the terms hereof;

   (g) deposition witnesses, but only to the extent reasonably necessary and only at the deposition itself; and

  (h) such other persons as all parties may agree or may be ordered by the Court.

11. Except as otherwise provided by written stipulation of the parties or by order of the Court, Discovery Material designated "OUTSIDE COUNSEL ONLY" shall not be disclosed to any person except:

  (a) the parties' outside counsel of record in this action, the partners, members, associates, and employees of such outside counsel, and their authorized secretarial and paralegal staffs;

  (b) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this action;

  (c) employees of outside copying, printing, binding, trial consulting or graphics, or similar services;

  (d) persons who have been retained by any party or his or its attorneys of record for the purpose of assisting in this action as outside consultants or experts, and who agree in writing to be bound by the terms hereof;

  (e) deposition witnesses who were authors or recipients of the subject document and/or are employees of the designating party, but only to the extent reasonably necessary and only at the deposition itself;

  (f) other deposition witnesses, but only to the extent reasonably necessary and only at the deposition itself, and only after giving the producing party's counsel a chance to object prior to the disclosure; and

  (g) such other persons as the parties may agree or may be ordered by the Court.

12. Nothing herein shall preclude any party, his or its attorneys, or any other person from disclosing or using, in any manner and for any purpose, any document or information that, prior to the disclosure or use, is public information or knowledge or that is lawfully obtained from a third party having the right to disclose such document or information, even though the same document or information may

have been produced in discovery in this action and designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."

13. Nothing herein shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information to unauthorized persons.

### Third Party Discovery

14. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with the terms hereof if such third party requests such protection and complies with the provisions hereof.

### Use of Designated Information in Court Proceedings

15. Unless the Court orders otherwise, all Discovery Material designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY," including without limitation all documents reflecting the content of such Discovery Materials, that are submitted to the Court for consideration in relation to a motion or other pre-trial proceeding shall be filed in accordance with the provisions of Local Rule 79-5.

16. Issues involving the protection of Discovery Material designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" during trial in this matter shall not be governed by the terms hereof and shall be presented to the Court prior to or during trial as each party deems appropriate.

### Challenging Designations

17. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

18. If a party seeks removal of or other relief from a "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation, the parties shall comply with the procedures set out in the Local Rules for resolving such a dispute, including without limitation Local Rules 37-1 to 37-4.

### Disposition of Confidential Information

19. Upon the written request of a designating party within sixty (60) days of the final disposition or resolution of this action, each party shall either (a) assemble and return all Discovery Material designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY," including all copies, to the party from which the designated material was obtained, or (b) destroy all such Discovery Material, at the option of the party in possession thereof.

20. Notwithstanding the foregoing, the outside attorneys of record for each party may retain for its archives (a) all pleadings, affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other papers filed in this action; (b) transcripts of all testimony taken at any depositions, hearings, or trial; and (c) all of its own work product generated in connection with this action.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

21. If a party receives a subpoena or other compulsory process commanding the production of Discovery Material designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY," that party shall promptly notify the designating party. The party receiving the subpoena or other compulsory process shall not produce any such Discovery Material in response to the subpoena or other compulsory process without providing the designating party reasonable notice so that party can timely object to the disclosure if he or it chooses. The party receiving the subpoena or other compulsory process shall not object to the designating party having a reasonable opportunity to appear in the litigation or process seeking disclosure of Discovery Material designated as "CONFIDENTIAL"

1  or "OUTSIDE COUNSEL ONLY," at the designating party's sole expense, for the
2  sole purpose of seeking to prevent or restrict disclosure thereof.

### Other Orders

22. Nothing herein shall prevent any party from applying to the Court for further or additional protective orders.

IT IS SO ORDERED.

Dated: 8/11/2010

/s/
Honorable Andrew J. Wistrich
Magistrate Judge
United States District Court